UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ALLTEL COMMUNICATIONS, LLC, | ) | CIV. 10-MC-00024 |
| | ) | |
| Plaintiff, | ) | ORDER ON |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| EUGENE DEJORDY, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEDURAL BACKGROUND**

Non-parties, the Gonzalez law firm ("Law Firm"), the Oglala Sioux

Tribe and Joseph Red Cloud (collectively the "Tribe"), filed motions to quash

subpoenas duces tecum (Dockets 1 and 3) served by plaintiff Alltel

Communications, LLC ("Alltel").[1]   A hearing was held on  December 2, 2010

(the "December 2 Hearing").[2]  Post-hearing briefing was completed.  See

Dockets 30, 31, 32, 33.  On December 8, 2010, the Law Firm filed a revised

privilege log.  (Docket 31-1).[3]  On February 16, 2010, the Law Firm filed a

---

[1]This action is in connection with a lawsuit pending in the Eastern
District of Arkansas, 4:10-cv-00130.

[2]The transcript of the hearing is filed as Docket 55.  Citations to the
transcript will be "MHT, p. ___:___."

[3]By agreement of counsel at the December 2, 2010, motion hearing,
amended subpoenas were issued by Alltel.  See Dockets 26, 27, and 29.  Those
amended subpoenas will be identified as the "documents subpoena(s)."

1

motion, with a supporting brief, to quash a subpoena issued by Alltel's counsel requiring the Law Firm or its representative to appear the next day for a deposition (the "deposition subpoena").  (Dockets 34 and 35).  Following informal discussions with the court's staff and in anticipation of an order from the court on the earlier pending motions to quash, Alltel chose to continue the deposition to a later date and the Law Firm filed a motion to withdraw the motion to quash the deposition subpoena.[4]  See Dockets 37 and 59-1.

On February 17, 2011, the court filed an order (the "February 17, 2011, Order") denying the motions to quash.  (Docket 36).  The order contained several statements regarding the Law Firm and the revised privilege log:

1.    Attorney Gonzalez and the Law Firm, while clearly legal counsel for the Tribe, have no attorney-client relationship with DeJordy or the DeJordy Group.  Id. at p. 29.

2.    DeJordy has repeatedly denied that he was counsel for the tribe or Mr. Red Cloud or associated with Gonzalez Law Firm as legal counsel, if he's not an attorney in the setting by the movants here, then there can be no attorney-client privilege because he's not an attorney with an attorney-client privilege.  Id. (citing MHT, p. 11:19-24).

_____

[4]The court entered an order on February 22, 2011, granting, without prejudice, the Law Firm's motion to withdraw the motion to quash the deposition subpoena.  (Docket 38).

3.  Only two entries on this privilege log contain references to DeJordy. Identifying those items by the corresponding privilege log entries, the court believes the following entries, or at least part of those "email trains," may be outside of the attorney-client privilege:

| Entry | Bates Number | Date |
|---|---|---|
| 1 | 100001-10003 | 3/15/2010; and |
| 10 | 100067 | 3/16/2010 |

Id. at p. 31) ( citing Docket 31-1).

4.  Alltel asserts that entries 4, 5 and 6 of the revised privilege log refer to its attorney, Mr. Wieczorek, and a legal secretary, Ms. Cook. Id.

5.  Alltel also asserts entry 7 includes individuals who would not be within the scope of any attorney-client relationship with the Tribe, namely: John Schreiber, a Verizon Wireless employee; Reann Kelsch, a former Alltel employee; Rohan Ranaraja, a former Alltel employee; and Michael Copps, a FCC Commissioner. Id.

The February 17, 2011, Order required, among other things, the following:

IT IS FURTHER ORDERED that [Attorney Mario] Gonzalez shall file a declaration on or before **March 3, 2011**, identifying each person set forth in the Law Firm's revised privilege log (Docket 31-1) and each person's specific relationship, if any, with the Law Firm or the Oglala Sioux Tribe, or an entity arguably within the scope of the privilege claims.

IT IS FURTHER ORDERED that [Attorney Mario] Gonzalez shall deliver to the court's chambers for *in camera* review on or before **March 3, 2011**, copies of the documents, in their entirety, identified in entries 1, 4, 5, 6, 7 and 10 from the revised privilege log (Docket 31-1).

Id. at p. 34 (bold in original).

On March 3, 2011, the Tribe and the Law Firm filed a notice of appeal from the February 17, 2011, Order.  (Docket 39).  The sole basis for the appeal to the Court of Appeals for the Eighth Circuit is the parties' claim they are "protected by tribal sovereign immunity."  Id.  On March 22, 2011, Alltel filed a motion for contempt, sanctions and for an order enforcing judgment.  (Docket 45).  Alltel asserts the appellants did not request a stay of enforcement of the February 17, 2011, Order.  Id.

Alltel's motion is based on 28 U.S.C. § 1292(b) which, in relevant part, provides "[t]hat application for an appeal . . . shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  28 U.S.C. § 1292(b).  Alltel seeks $500 per day as a "sanction until the Tribe and the Law Firm are in compliance with the February 17 Order."  (Docket 45).

On April 7, 2011, the Court of Appeals for the Eighth Circuit granted Alltel's motion to dismiss the Law Firm from the appeal.  Alltel Communications, LLC v. Dejordy, No. 11-1520, Order (April 7, 2011). (Docket 49).  The Court of Appeals allowed briefing to continue in the Tribe's appeal on the basis of tribal sovereign immunity.  (Docket 48).

On April 8, 2011, the district court issued an order to show cause (the "Show Cause Order").  (Docket 47).  The Show Cause Order required "Attorney Mario Gonzalez, both individually and on behalf of the Gonzalez Law Firm, [to] appear and show cause, if any he has, . . . why he . . . should

not be held in contempt of court for failing to comply with the February 17, 2011, Order." Id.

On April 13, 2011, the Law Firm, represented by Attorney Terry L. Pechota, filed a renewed motion to quash a deposition subpoena, requesting the court to vacate the portion of the February 17, 2011, Order requiring the Law Firm to produce documents for *in camera* inspection and in response to the Show Cause Order.[5]  (Docket 56).  Hearing on the Show Cause Order was held on April 14, 2011 (the "Show Cause Hearing"). Present at the Show Cause Hearing were Mr. Gonzalez, with Mr. Pechota, and Mr. Shultz on behalf of the Tribe.  Counsel for Alltel, Mr. Mace, Mr. Naresh, and Mr. Wieczorek, appeared by teleconference.  The Show Cause Order issues are ripe for resolution.

## ANALYSIS

The court completed a comprehensive analysis of the Tribe's claim of sovereign immunity and the Law Firm's claims of attorney-client privilege and attorney-work product privilege in the February 17, 2011, Order.  The February 17, 2011, Order is incorporated by reference.

During the December 2 Hearing, Mr. Gonzalez did not claim tribal sovereign immunity as a legal basis for quashing the documents subpoena

---

[5]Counsel subsequently entered "filed in error" entries in CM/ECF for the motion, brief and affidavit of Mr. Gonzalez.  See Dockets 56, 58 and 59. Corrected documents were filed after the Show Cause Hearing.  See Dockets 63 and 65.  All further references will be to these corrected documents.

directed to the Law Firm.  "First of all, I'd like to correct the record.  The Gonzalez Law Firm never moved to quash the subpoena based on sovereign immunity."  (MHT, pp. 12:23-13:2).  The court accepted the clarification.  "Mr. Gonzalez, I stand corrected.  Gonzalez Law Firm did not assert tribal immunity in response to the subpoena in its motion to quash.  I stand corrected on that matter."  Id. at p. 30:7-10.

In the post-December 2 Hearing briefing, neither the Tribe nor the Law Firm argued tribal sovereign immunity as a basis for granting the Law Firm's motion to quash the documents subpoena.  The Tribe's brief focused solely on its claim tribal sovereign immunity protected the Tribe.  (Docket 30, p. 1) ("The question [is] whether tribal sovereign immunity protects the Tribe from Alltel's subpoena . . . .") (emphasis added).  The Tribe argued Mr. Red Cloud, as a tribal employee, was "cloaked with tribal sovereign immunity and . . . cannot be forced to comply with Alltel's subpoena."  Id. at p. 4.  The Law Firm asserted the attorney-client privilege as the principal basis for requesting the documents subpoena be quashed.[6]  (Docket 31, p. 1) ("The Firm objects to the subpoena on the basis that it is protected by the attorney-client privilege as it represents the [Tribe] . . . and the subpoena should . . . be quashed.") (emphasis added).

---

[6]The Law Firm in one sentence also argued the attorney-work product privilege, but did not brief the privilege.  (Docket 31, p. 3) ("All documents in the position [sic] of the Firm are part of the Firm's work product for Tribal Committee or Tribal Council meetings and are therefore privileged.").

After receiving a deposition subpoena, the Law Firm filed a separate motion to quash on February 16, 2011.  (Docket 34).  In its brief in support of that motion, the Law Firm included the attorney-client privilege and tribal sovereign immunity.  (Docket 35).  When the deposition was postponed by Alltel, the Law Firm agreed to withdraw the motion to quash the deposition subpoena.  (Docket 37).  "This motion is made on the grounds that the Firm is anticipating an order from the court that will resolve all issues raised in pending motions to quash filed by the Oglala Sioux Tribe, Joe Red Cloud and the Firm, including the defense of sovereign immunity, therefore removing the need to rule on [the Law Firm's] February 16, 2011 motion [Dkt. 34]."  Id.

On the eve of the Show Cause Hearing, the Law Firm filed a renewed motion to quash the deposition subpoena and moved to vacate the portion of the February 17, 2011, Order requiring *in camera* inspection of certain documents.  (Docket 63).  The Law Firm argues it sought to include tribal sovereign immunity in its motion to quash the documents subpoena, but was asked by the court's staff to "withdraw its Motion to Quash based upon a pending ruling . . . ."  (Docket 65, p. 2).

The Law Firm's renewed motion is the first time tribal sovereign immunity is asserted as a basis for protecting the privilege log documents from disclosure.  The renewed motion asserts:

    1.    The Communications are Attorney-Client Privileged;

2.     The Communications are Protected by Tribal
Sovereign Immunity;

3.     Gonzalez Law Firm is clothed with the sovereign
immunity of the Oglala Sioux Tribe and only the
Oglala Sioux Tribe can waive sovereign immunity
. . . .

(Docket 63).

Rule 45(c)(2)(B) provides a "person commanded to produce documents

. . . may serve . . . a written objection . . . .[which] must be served . . . 14

days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B).  A party

asserting a privilege is required to: "expressly make the claim; and . . .

describe the nature of the withheld documents [privilege log] . . . ." Fed. R.

Civ. P. 45(d)(2)(A)(i)-(ii).  If objections are made and a privilege log submitted

"the serving party may move the issuing court for an order compelling

production . . . [and] [t]hese acts may be required only as directed in the

order." Fed. R. Civ. P. 45(c)(2)(B)(i)-(ii).

The Law Firm's original motion to quash the documents subpoena

asserted only the attorney-client privilege.  (Docket 7, p. 2).  The revised

privilege log asserted the attorney-client and attorney-work product

privileges.  (Docket 31-1).  The Law Firm's renewed motion (Docket 63) to

quash the deposition subpoena and to vacate a portion of the February 17,

2011, Order on the basis of tribal sovereign immunity is untimely.  Fed. R.

Civ. P. 45(c)(2)(B).

Because of the confusion over the assertion of tribal sovereign immunity in the Law Firm's motion to quash the deposition subpoena (Dockets 34 and 35) immediately prior to the February 17, 2011 Order, the court, exercising its discretion and because of the significance of the tribal sovereign immunity claim, will allow the Law Firm to assert tribal sovereign immunity.  Had the Law Firm advised the court the tribal sovereign immunity claim was intended to apply to the documents subpoena, the court would have addressed the Law Firm's claim in the February 17, 2011, Order.  The Law Firm's assertion of tribal sovereign immunity will relate back to the documents subpoena and be considered as filed immediately prior to the February 17, 2011, Order.

The claim of tribal sovereign immunity asserted by the Law Firm is denied for the same reasons articulated in the February 17, 2011, Order. The court declines the Law Firm's invitation to revisit and vacate the portion of the February 17, 2011, Order requiring the Law Firm to produce documents for *in camera* inspection.

Because the Court of Appeals for the Eighth Circuit dismissed the Law Firm from the Tribe's appeal, this court is compelled to require compliance with the February 17, 2011, Order.  Fed. R. Civ. P. 37(c)(2)C) establishes the remedy for failure to comply with a court's discovery order as applicable to a subpoenaed party under Fed. R. Civ. P. 45:

> [T]he court must order the disobedient party, the attorney advising that the party, or both to pay the reasonable expenses, including

> attorney's fees, caused by the failure, unless the failure was
> substantially justified or other circumstances make an award of
> expenses unjust.

Fed. R. Civ. P. 37(c)(2)(C). "At the least, due process requires . . . that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an opportunity to present evidence or arguments against their imposition." Satcorp International Group v. China National Silk Import, 101 F.3d 3, 6 (2d Cir. 1996) (internal citation and quotation marks omitted). The Show Cause Hearing constituted the court's due process notice and an opportunity for the Law Firm to present its position. Id.

Against a non-party "at a minimum the court could impose as a civil contempt remedy the sanctions authorized in Rule 37(b)(2)(A)-(C) plus the assessment of [other party's] reasonable expenses and attorneys' fees in pursuing this discovery." Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 721 (8th Cir. 2002). Alltel has not made a claim for assessment of its attorneys' fees and expenses for bringing on the motion for contempt, sanctions and enforcing the February 17, 2011, Order. See Dockets 45 and 46. At the Show Cause Hearing Alltel did not pursue a claim for fees and costs. Alltel suggests the court should impose a $500 per day assessment against the Law Firm for its failure to comply with the February 17, 2011, Order. (Docket 45). Alltel offers no rational basis for this type of assessment other than to assert "a daily $500 sanction for noncompliance

would ensure that the . . . Firm take seriously [its] obligations to comply with this Court's orders." (Docket 46, p. 5).

Neither the Tribe nor the Law Firm sought to stay enforcement of the February 17, 2011, Order in the district court or the Court of Appeals for the Eighth Circuit under 28 U.S.C. § 1292(b).   The court finds Mr. Gonzalez believed, in good faith, the appeal of the sovereign immunity issue to the Court of Appeals for the Eighth Circuit suspended the Law Firm's obligation to comply with the February 17, 2011, Order.  The failure of the Law Firm to comply with the court's order was substantially, although erroneously, justified.  Fed. R. Civ. P. 37(c)(2)(C).  The court finds assessment of monetary sanctions against Mr. Gonzalez or the Law Firm until compliance with the February 17, 2011, Order is achieved or an award of Alltel's fees and costs is not warranted.  Id.

During the Show Cause Hearing, the Law Firm's attorney advised that in the event of a ruling adverse to his client's position, the Law Firm intends to request a stay of any further proceedings so an immediate appeal can be perfected to the Court of Appeals for the Eighth Circuit on the issue of tribal sovereign immunity.  (Docket 61).  If the appeal is accepted by the Eighth Circuit, counsel intends to move to consolidate the Law Firm's appeal with the pending appeal of the Tribe on the sovereign immunity issue.

Section 1292(b) of Title 28 of the United States Code provides when the district court enters "an order not otherwise appealable . . . [and is] of

11

the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The court finds the February 17, 2011, Order and this order involve a controlling question of law, that is, whether tribal sovereign immunity protects the Tribe and the Gonzalez Law Firm from complying with the subpoenas which are the subject of this litigation.  The court also finds there is substantial ground for differences of opinion on this issue.  Id.  The court finds an immediate appeal from these orders may materially advance the ultimate resolution of the litigation.  It is in the interest of judicial economy to enter a stay and permit an immediate appeal to the Court of Appeals for the Eighth Circuit.

## ORDER

Based on this analysis, it is hereby

ORDERED that the Gonzalez Law Firm is permitted to amend its privilege claims in the revised privilege log (Docket 31-1) to include a claim of tribal sovereign immunity.

IT IS FURTHER ORDERED that the Gonzalez Law Firm's motion to quash (Docket 1) and the renewed motion to quash (Docket 63) on the basis of tribal sovereign immunity are denied.

IT IS FURTHER ORDERED that the Gonzalez Law Firm's motion to vacate that portion of the February 17, 2011, Order requiring *in camera* production of documents (Docket 63) is denied.

IT IS FURTHER ORDERED that Alltel's motion for contempt, sanctions and enforcing the February 17, 2011, Order (Docket 45) is granted in part and denied in part.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 37(c)(2)(C) neither the imposition of sanctions nor assessment of attorneys' fees and costs against Mr. Gonzalez or the Law Firm is warranted.

IT IS FURTHER ORDERED that the oral motion to stay (Docket 61) by the Gonzalez Law Firm is granted.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1292(b) enforcement of the February 17, 2011, Order and this order are stayed pending resolution of the tribal sovereign immunity issue by the Court of Appeals for the Eighth Circuit.

Dated April 21, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE